UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA F. MESSICK, <br> TDCJ No. 02263758, <br><br> Petitioner, <br><br> v. <br><br> ERIC GUERRERO, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. SA-24-CV-1401-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Laura F. Messick's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Eric Guerrero's Preliminary Answer (ECF No. 11) thereto.  In her § 2254 petition, Petitioner challenges the constitutionality of her 2019 state court murder conviction, arguing, among other things, that (1) she received ineffective assistance from her trial counsel, and (2) she is innocent of the charge because she was incompetent and temporarily insane at the time of the incident.  In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Procedural History

In May 2019, a Bexar County jury convicted Petitioner of capital murder and sentenced her to life imprisonment. *State v. Messick*, No. 2017CR11174 (175th Dist. Ct., Bexar Cnty., Tex. May 13, 2019).[1] The Texas Fourth Court of Appeals affirmed her conviction on direct appeal. *Messick v. State*, No. 04-19-00359-CR, 2020 WL 4929803 (Tex. App.—San Antonio, July 29, 2020, no. pet.).[2] Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[3]

Instead, Petitioner challenged the constitutionality of her state court conviction by filing an application for state habeas corpus relief on August 23, 2021, at the earliest.[4] *Ex parte Messick*, No. 93,147-01 (Tex. Crim. App.).[5] The Texas Court of Criminal Appeals denied the application without a written order on October 27, 2021.[6] Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on November 25, 2024.[7]

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] ECF No. 12-17 at 172-73 (Judgment).

[2] ECF No. 12-23.

[3] *See* http://www.search.txcourts.gov, search for "Messick, Laura" last visited May 20, 2025.

[4] Because of Petitioner's *pro se* status, the prison mailbox rule applies to her state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[5] ECF No. 12-39 at 4-22 (Application).

[6] ECF No. 12-31 (Action Taken).

[7] ECF No. 1 at 15.

>  judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final August 28, 2020, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).

As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging her underlying conviction and sentence expired a year later on Monday, August 30, 2021.[8] Because Petitioner did not file her § 2254 petition until November 25, 2024—well over three years after the limitations period expired—her petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.    Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

---

[8] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

3

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the constitutionality of her state court conviction in a state habeas application filed August 23, 2021, which was later denied by the Texas Court of Criminal Appeals on October 27, 2021. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 66 days, making her federal petition due on November 4, 2021. Again, she did not file the instant § 2254 petition until November 25, 2024, still over three years past the limitations period.

B.   **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the limitations period, and her § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of

4

a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that she has been pursuing her rights diligently. Petitioner's conviction became final in August 2020, yet Petitioner filed nothing else for an entire year until she executed her state habeas corpus application challenging the underlying conviction. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why she waited another three years after the Texas Court of Criminal Appeals denied her state habeas application in October 2021 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that she was prevented, despite the exercise of due diligence on her part, from timely filing her federal habeas corpus petition in this Court, her petition is untimely and barred by § 2244(d)(1).

C.  **Actual Innocence**

Finally, while Petitioner does not address the timeliness of her federal petition, she appears to contend that she is innocent of the charged offense. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is

5

required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Without providing any support, Petitioner proclaims her innocence was due to being temporarily insane at the time of the offense as a result of a head injury she had previously sustained that day. Petitioner also alleges that she was incompetent, feared for her life, and "was not in the right state of mind at the time of [the] accident."[9] However, such conclusory assertions do not constitute "*new* reliable evidence" establishing her innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Indeed, such allegations, even if supported by the record, do not establish Petitioner's innocence of the crime, but rather are affirmative defenses that were available to Petitioner at the time of her trial.

In addition to being conclusory and failing to establish her innocence, Petitioner's arguments were already rejected by the state court during Petitioner's state habeas proceedings and do not undermine confidence in the outcome of her trial. Consequently, the untimeliness of

---

[9] ECF No. 1 at 8.

Petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.[10]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower

---

[10] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by over three years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Laura F. Messick's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** this 23rd day of May, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE